IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ALEXANDER Y. MARN, as an individual, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MCCULLY ASSOCIATES, a Hawai'i registered Limited Partnership, et al.<br><br>Defendants. | CIVIL NO. 12-00684 DKW/BMK<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

## INTRODUCTION

Before the Court are the following motions: (1) Defendants Thomas E. Hayes as Court Appointed and Liquidating Receiver, Alston Hunt Floyd & Ing, a Law Corporation, M Pocket Corporation, and Sofos Realty Corporation's Motion to Dismiss ("Receiver Motion"); and (2) Defendants James Y. Marn, Jr. and James K.M. Dunn's Motion to Dismiss ("Dunn Motion"). Defendants Hawaii 5-0 Properties, Inc., James Y. Marn, Jr., and James K.M. Dunn each filed joinders to the Receiver Motion. The Court held a hearing on the motions on September 13, 2013.

1

After careful consideration of the supporting and opposing memoranda, the arguments of counsel, and the relevant legal authority, both the Receiver Motion and the Dunn Motion are hereby GRANTED.

## BACKGROUND

The Court will not recount the history of the extensive and protracted litigation between these parties.  Rather, the Court will summarize the factual and procedural background relevant to the pending motions to dismiss.  Briefly, the present dispute is an extension of nearly fifteen years of state court litigation involving members of the Marn family and the management of their associated businesses.

McCully Associates ("MA") was formed in 1982 by members of the Marn family to hold and operate properties, including the McCully Shopping Center in Honolulu.  Ala Wai Investment, Inc. ("AWI") was the general partner of MA and was owned equally by four Marn siblings, including Plaintiffs Alexander Y. Marn ("Alex") and Eric Y. Marn ("Eric").  *See* Receiver Motion at 5.  Litigation commenced in Hawaiʻi state court in 1998 based on alleged mismanagement by Alex and Eric of the MA and AWI assets.  The state court litigation was eventually consolidated as the "Marn Family Litigation," Civil No. 00-1-MFL.  Over the span of the next decade of litigation supervised by the state court, the assets of MA and

AWI were placed into receivership and eventually liquidated. Trial court proceedings in the Marn Family Litigation have largely ended, but as many as ten appeals by Alex and Eric are pending in the state appellate courts. *Id.* at 1-2.

Defendant Thomas E. Hayes ("Receiver") was appointed by the state Circuit Court as the receiver in the Marn Family Litigation. The Receiver was granted broad powers to operate and manage the business of MA and AWI as custodian. The Receiver retained Defendant Alston Hunt Floyd & Ing ("AHFI") to represent him in his official capacity, a retention that Alex unsuccessfully challenged in state court. *Id.* at 5-8.

Two bench trials were held in 2005 and 2006, which resulted in an April 30, 2008 Findings of Fact and Conclusions of law and an October 25, 2010 Partial Final Judgment. The state court ordered that MA and AWI be dissolved and awarded damages, fees, and punitive damages against Alex and Eric, the current balance of which exceeds $18,000,000. *Id.* at 10. In an October 9, 2008 order, the state court authorized the Receiver to sell the McCully Shopping Center and another property, the Lime Street Apartments. The Receiver sought and was granted court approval to offer each of the limited partners, including Eric and Alex, a limited first right to purchase the properties. The Receiver then accepted the highest offer, which was submitted by Alex and Eric. Alex and Eric, however, were not able to

close on the properties because their lender did not confirm that financing would be forthcoming. The Receiver consequently withdrew his approval and terminated a non-binding letter of intent. *Id.* at 12-13.

Thereafter, the Receiver marketed the properties and accepted an offer from Defendant M Pocket Corporation ("M Pocket") for $19,000,000. The state trial court confirmed the sale on March 28, 2012. On February 28, 2012, Alex filed a complaint in state court against the Receiver based on the sale of the McCully Shopping Center. That case was dismissed on July 9, 2012 based on the Receiver's immunity from suit. *Id.* at 13-14. On July 30, 2012, the state court deemed Alex a vexatious litigant pursuant to Hawaii Revised Statutes ("HRS") § 634J-1. *Id.* at 17.

On December 17, 2012, Plaintiffs Alex and Eric Marn in their individual capacities; Alex Marn and Ernestine Marn as Co-Trustees of the Revocable Living Trust Agreement of Alexander Y. Marn, dated June 18, 1991; Eric Marn and Linda Y. Marn as Co-Trustees of the Revocable Living Trust Agreement of Eric Y. Marn, dated June 18, 1992 (collectively "Plaintiffs") filed the present Complaint against Defendants MA, AWI, AHFI, M Pocket, the Receiver in his individual and official capacities, James Y. Marn, Jr., James K.M. Dunn in his capacity as Trustee of the Annabelle Y. Marn Dunn Trust, Sofos Realty Corp., and Hawaii 5-0 Properties (collectively "Defendants"). The Complaint includes the

following six causes of action: (1) a claim for violations of 42 U.S.C. § 1983 against the Receiver; (2) a claim for breach of fiduciary duties against the Receiver and AHFI; (3) a claim for restitution against the Receiver, M Pocket, Sofos Realty, and Hawaii 5-0 Properties; (4) a claim for quiet title against all Defendants; (5) another claim for breach of fiduciary duties against AHFI; and (6) a claim for declaratory relief against all Defendants.

Defendants seek the dismissal of all claims on the grounds that the Court lacks subject matter jurisdiction and because the Complaint fails to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Defendants bring their respective motions pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Rule 12(b)(1) authorizes a district court to dismiss an action for lack of subject matter jurisdiction. "[T]he party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). A Rule 12(b)(1) motion "may (1) attack the allegations of a pleading as insufficient to confer subject matter jurisdiction on the court ('facial attack') or (2) 'attack the existence of subject matter jurisdiction in fact' ('factual attack')." *Krakauer v. Indymac Mortg. Servs.*, 2013 WL 704861, at *2 (D. Haw. Feb. 26, 2013) (some citations omitted) (quoting

*Malama Makua v. Rumsfeld*, 136 F. Supp. 2d 1155, 1159 (D. Haw. 2001)).   Where the movant makes a factual attack on jurisdiction, the Court may review evidence beyond the complaint.   *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).   In such circumstances, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Rule 12(b)(6) permits a motion to dismiss a claim for failure to state a claim upon which relief can be granted.   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).   "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Although the Complaint includes six counts, only Count I for violation of 42 U.S.C. § 1983 provides a basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Count I alleges that the Receiver's conduct in liquidating assets deprived Plaintiffs of their federal rights to fair hearings and due process. Plaintiffs allege that the Receiver acted beyond the scope of his authority as a court-appointed officer and that he engaged in "intentional judicial acts for ulterior and improper purposes and harassment." Compl. ¶ 118. Because the Court finds that Plaintiffs cannot maintain their claim under § 1983 as discussed below, and the Court declines to exercise supplemental jurisdiction over Plaintiffs remaining non-federal claims, Defendants' motions to dismiss are granted.

The Receiver is a court-appointed judicial officer and is immune from suit for actions taken within the scope of his duties. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damage . . . [and] is not overcome by allegations of

7

bad faith or malice. . . ." *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Generally, "court-appointed officials acting as arms of the court and performing functions integral to the judicial process are entitled to absolute immunity." *Hawaii Ventures, LLC v. Otaka, Inc.*, 114 Hawaiʻi 438, 486, 164 P.3d 696, 744 (2007); *see also Atkinson-Baker & Assocs. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying doctrine of judicial immunity to bar claims against a special master exercising discretionary judgment as part of his function as a special master of the court); *Stevens v. Cate*, 2012 WL 3962490, at *1 (E.D. Cal. Sept. 10, 2012) ("Quasi-judicial immunity is immunity that extends to nonjudicial officers for claims relating to the exercise of judicial functions. In other words, quasi-judicial immunity protects nonjudicial officers because their decisions are functionally comparable to those of a judge involving the exercise of discretion." (citations and quotations omitted)); *Coleman v. Schwarzenegger*, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) (holding that a receiver acting as the court's officer had judicial immunity).

> At the least, a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity. To deny him this immunity would seriously encroach on the judicial immunity already recognized by the Supreme Court. It would make the receiver a lightning rod for harassing litigation aimed at judicial orders. In addition to the unfairness of sparing the judge who gives an order while

8

> punishing the receiver who obeys it, a fear of bringing down litigation on the receiver might color a court's judgment in some cases, and if the court ignores the danger of harassing suits, tensions between the receiver and judge seem inevitable.

*Seibel v. Kemble*, 63 Haw. 516, 527, 631 P.2d 173, 180 (1981) (quoting *Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976)).

There is no dispute here that the Receiver was appointed by the state court to aid in its handling of the Marn Family Litigation. Pursuant to the two state court orders appointing the Receiver, he had the express authority to control and dispose of the assets that Plaintiffs allege were unlawfully liquidated. *See* Receiver's Ex. A (10/9/02 MFL Order) at 6; Ex. E (12/8/05 MFL Order) at 6; *see also Hawaii Ventures, LLC*, 114 Hawai'i at 468, 164 P.3d at 726 ("A receiver's powers are defined by the orders of the court and include authority as may reasonably or necessarily be implied for such orders." (quoting *Hancock–Nelson Mercantile Co. v. Weisman,* 340 N.W.2d 866, 869 (Minn. Ct. App. 1983))). Specifically, the Receiver had the authority to:

> (A) retain possession and control over the funds, assets and property of AWI and MA;
> (B) take such action as necessary to gather and collect the assets and property of AWI and MA, including any judgments to enter in favor of MA and/or AWI;
> (C) liquidate at a reasonable time and place all remaining properties, both real and tangible property and intangible property, of MA and AWI, including but not limited to by

9

> auction and overbidding procedures, and all other reasonable and necessary actions to effectuate the same;
> . . . .
> (F)   prepare at the limited partnership's expense a final accounting of the limited partnership, including the retention of tax and accounting professionals, and the preparation and filing of necessary or required tax returns and/or forms;
> . . . .
> (H)   perform all such other acts and deeds that are necessarily and reasonably required to fully wind down the limited partnership's affairs and effect termination of the limited partnership; and to
> (I)   take such similar action as is needed to dissolve and terminate AWI.

Receiver's Ex. E at 6. Moreover, both appointing orders expressly state that the Receiver cannot be held personally liable for "any actions taken in conformity with the duties and responsibilities set forth herein or pursuant to any statute, rule, regulation, or other legal authority." Receiver's Ex. A at 11; Ex. E. at 7.

In an attempt to overcome the Receiver's immunity, and in response to the Court's questions during oral argument on the motions, Plaintiffs identified three acts by the Receiver that they claim were beyond the scope of his authority: (1) a telephone call made by the Receiver to the state court Special Master in 2004; (2) the retention of AHFI by the Receiver; and (3) the establishment of certain conditions on the sale of MA and AWI assets. These acts, however, each involve conduct that is authorized by the state court's expansive appointing orders. The telephone

conversation between the Receiver and Special Master took place on November 22, 2004, and is consistent with the Order for Appointment and Reference to Rule 53 Master.  *See* Compl. Ex. 4, 12/01/04 Rule 53 Master's Reply Mem., Decl. of Peter Starn ¶¶ 9-10; Ex. 3, Order For Appointment and Reference to Rule 53 Master ("the state-court receiver and each of the parties to the present litigation shall each individually have one (1) hour to meet with the Master and without the presence of any other party to the present litigation").  The Receiver was specifically authorized by state court order to retain counsel, which he did beginning in late 2002, and the state court thereafter approved and authorized the payment of AHFI's fees and costs.  *See* Receiver's Ex. A (10/9/02 MFL Order); Ex. Q (Five Orders Granting Applications for Interim Approval and Payment of Compensation); Ex. B (1/9/13 Order).  Finally, the procedures and conditions of sale imposed by the Receiver were approved and reaffirmed by the Circuit Court.  *See* Receiver's Ex. C (4/30/08 Order); Ex. D (10/25/10 Order); Ex. F (2008 Orders Authorizing Liquidating Receiver to Sell McCully Shopping Center); Ex. G (10/11/10 Order Confirming Authority to Market and Sell McCully Shopping Center By Private Sale).  In short, Plaintiffs have not identified any act by the Receiver that was beyond the scope of

his court-approved powers,[1] nor have Plaintiffs offered any other reason why the Receiver should not enjoy the immunity to which he is entitled by law.

Moreover, the specific acts by the Receiver of which Plaintiffs complain each occurred outside the limitations period for § 1983 claims. The statute of limitations applicable to § 1983 actions in Hawai'i is Haw. Rev. Stat. § 657–7, the two-year "general personal injury" provision. *See Pele Defense Fund v. Paty*, 73 Haw. 578, 597–98, 837 P.2d 1247, 1260 (1992); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that § 1983 plaintiffs must satisfy the forum state's statute of limitations for personal-injury torts).[2] Plaintiffs filed their Complaint on December 17, 2012. To be timely under Hawai'i law, Plaintiffs' claims must have accrued on or after December 17, 2010.

However, the three Receiver acts complained of by Plaintiffs each occurred prior to December 2010. The Receiver's allegedly inappropriate telephone call to the Master, for instance, occurred in November 2004. *See* Compl. Ex. 4. The Receiver's alleged unauthorized retention of counsel occurred in 2002.

---

[1] Indeed, the Complaint alleges, alternatively, that the Receiver acted pursuant to his authority as a court-appointed receiver. *See* Compl. ¶ 8.

[2] Federal law determines when a cause of action under § 1983 accrues and the statute of limitations begins to run. *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his or her action. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

*See* Receiver's Exs. A & Q.  And the sale procedures and conditions implemented by the Receiver were approved by the state court at various times between 2008 and October 2010.  *See* Receiver's Exs. C, D, F & G.  In other words, the very acts upon which Plaintiffs base their § 1983 claim against the Receiver all pre-date Plaintiffs' claim-accrual deadline and fall outside the applicable limitations period.[3]

The Court finds that the Receiver is absolutely immune from liability for his conduct carrying out his duly-appointed receivership duties.  Even assuming that the Receiver's complained of conduct was beyond the scope of his court-appointed authority, Plaintiffs' claims based on the purportedly unauthorized conduct accrued prior to December 17, 2010 and are time-barred.  Accordingly, Plaintiffs' Count I, Section 1983 claim against the Receiver, fails as a matter of law, and is DISMISSED.

Because the Court concludes that the only federal claim that could support subject matter jurisdiction–Count I's Section 1983 claim–is facially invalid, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims, this matter is DISMISSED in its entirety.  *See*

---

[3] Plaintiffs provide no authority for their suggestion during oral argument that the Receiver engaged in "continuing violations" that are sufficient to bring their § 1983 claim within the limitations period, particularly where even the most recent of the Receiver's alleged transgressions was outside of the limitations period.

28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").[4]

## CONCLUSION

On the basis of the foregoing, the Court GRANTS (1) Defendants Thomas E. Hayes as Court Appointed and Liquidating Receiver, Alston Hunt Floyd & Ing, a Law Corporation, M Pocket Corporation and Sofos Realty Corporation's Motion to Dismiss, and (2) Defendants James Y. Marn, Jr. and James K.M. Dunn's Motion to Dismiss with prejudice. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, October 31, 2013.



Derrick K. Watson
United States District Judge

Alexander Y. Marn, et al. v. McCully Associates, et al.; CV 12-00684 DKW/BMK; ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

[4] The Court does not reach the balance of Defendants' arguments for dismissal.