IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ALEXANDER Y. MARN, as an individual, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MCCULLY ASSOCIATES, a Hawai'i registered Limited Partnership, et al.<br><br>Defendants. | CIVIL NO. 12-00684 DKW/BMK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

## **INTRODUCTION**

On October 31, 2013, the Court granted two motions to dismiss in this matter: (1) Defendants Thomas E. Hayes as Court Appointed and Liquidating Receiver, Alston Hunt Floyd & Ing, a Law Corporation, M Pocket Corporation, and Sofos Realty Corporation's Motion to Dismiss; and (2) Defendants James Y. Marn, Jr. and James K.M. Dunn's Motion to Dismiss.  On November 14, 2013, Plaintiff

1

Alexander Y. Marn filed a Motion for Reconsideration ("Motion").  On November 29, 2013, Plaintiff Eric Y. Marn filed a Joinder in the Motion.  Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the supporting and opposing memoranda, and the relevant legal authority, the Motion is hereby DENIED.

## BACKGROUND

The parties and the Court are familiar with the extensive factual and procedural background in this matter, and the Court does not recount it here.  In the Motion and Joinder, Plaintiffs argue that the Court improperly granted Defendants' motions to dismiss and did not allow Plaintiffs leave to file a third amended complaint.

In the October 31, 2013 Order, the Court dismissed Plaintiffs' Complaint for lack of subject matter jurisdiction.  Briefly, the Court found that the Receiver is immune from liability for his conduct carrying out his duly-appointed receivership duties; and, even assuming that the Receiver's conduct was beyond the scope of his state court-appointed authority, Plaintiffs' claims based on the purportedly unauthorized conduct accrued prior to December 17, 2010 and are time-barred.  Accordingly, the Court ruled that Plaintiffs' Count I, 42 U.S.C. § 1983 claim against the Receiver, failed as a matter of law.  Because the Court

concluded that the only federal claim that could support subject matter jurisdiction–Count I's Section 1983 claim–was facially invalid, and the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining claims, the Court dismissed the Complaint.

## DISCUSSION

This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

Plaintiff offers four reasons why this Court should reconsider its October 31, 2013 Order:

(1) The Court erred as a matter of law in holding that the Receiver has absolute judicial immunity from liability for his conduct in carrying out his duly-appointed receivership duties;

(2) The Court erred in holding that the Receiver's conduct was not beyond the scope of his state court-appointed authority and that Plaintiffs' 42 U.S.C. § 1983 claim based on such conduct was time-barred;

> (3) The Court erred in concluding that a two-year statute of limitations barred Plaintiffs' claims where Plaintiffs alleged improper conduct during the two-year period preceding the filing of the Complaint; and
>
> (4) The Court erred in dismissing Plaintiffs' Complaint with prejudice, rather than allowing Plaintiffs leave to amend to file a third amended complaint.

Motion at 5-6. Because all of these reasons are without merit, the Motion is DENIED.

The Motion presents essentially the same facts and arguments made during the Court's consideration of the two motions to dismiss. It is clear from the Motion that Plaintiffs simply disagree with the Court's rulings in the October 31, 2013 Order, and "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *White*, 424 F. Supp. 2d at 1274 (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)).

With respect to the Receiver's judicial immunity from suit, the Motion, relying on *Pulliam v. Allen*, 466 U.S. 522 (1984), argues that such immunity does not apply to Plaintiffs' claims for equitable relief. First, the Court notes that *Pulliam* is not dispositive on this issue. "[I]n 1996, Congress effectively abrogated *Pulliam* by enacting the Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983 to provide that in 'any action brought against a judicial officer for

4

an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *La Scalia v. Driscoll*, 2012 WL 1041456, at *7 (E.D.N.Y. Mar. 26, 2012). Here, Plaintiffs cannot allege that a declaratory decree was violated or that declaratory relief was unavailable in the exhaustive state court litigation. More importantly, however, "judicial immunity is an immunity from suit" and bars Plaintiffs' claims irrespective of the type of relief sought. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).

None of the alleged disputed issues of fact raised in the Motion, Joinder, and Plaintiffs' Joint Reply alter the Court's conclusion that the Receiver is immune from suit. Likewise, Plaintiffs present no valid legal or factual arguments establishing that the Court erred in determining that their Section 1983 claim is time-barred. In particular, Plaintiffs' assertion that the Court cannot dismiss a claim *sua sponte* based on the statute of limitations finds no support in the law. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) (Adopting rule that a "district court may sua sponte dismiss a complaint as untimely so long as the defendant has not waived the defense."). Defendants did not waive the defense here. Plaintiffs also had the opportunity to present argument on the statute of

limitations question at the hearing on the motions to dismiss and again in their briefing on the instant Motion.

Nor is the Court persuaded by Plaintiffs' final ground for reconsideration—that the Court should have granted them leave to amend. Because the Court found that Plaintiffs' Section 1983 claim fails as a matter of law based on the Receiver's immunity from suit, it would be futile to allow Plaintiffs leave to amend their claims.  *See United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011) ("The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. . . . Under futility analysis, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.") (citations omitted).

In conclusion, the Motion does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *White*, 424 F. Supp. 2d at 1274.   Accordingly, the Motion is DENIED.

6

## **CONCLUSION**

On the basis of the foregoing, the Court DENIES Plaintiff Alexander Y. Marn's Motion for Reconsideration.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, December 31, 2013.



Derrick K. Watson
United States District Judge

---

Marn et al. v. McCully Associates, et al.; CV 12-00684 DKW/BMK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION